Engholm v AIMCO 240 W. 73rd St., LLC (2023 NY Slip Op 05186)

Engholm v AIMCO 240 W. 73rd St., LLC

2023 NY Slip Op 05186

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Webber, J.P., Kern, Singh, Scarpulla, Rosado, JJ. 

Index No. 155328/20 Appeal No. 752 Case No. 2023-01197 

[*1]Brandon Engholm et al., Plaintiffs-Respondents,
v
AIMCO 240 West 73rd Street, LLC et al., Defendants-Appellants, AIMCO Properties, L.P., Defendant.

Belkin, Burden, Goldman, LLP, New York (Magda L. Cruz of counsel), for appellants.
Himmelstein McConnell Gribben & Joseph LLP, New York (David Hershey-Webb of counsel), for respondents.

Order, Supreme Court, New York County (Richard Latin, J), entered September 20, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' summary judgment motion on their counterclaim for a declaratory judgment that the subject apartment is exempt from the Rent Stabilization Law, with leave to refile upon the completion of discovery, unanimously affirmed, without costs.
Defendants made out a prima facie case for summary judgment by submitting the written contracts, certificates of insurance liability, invoices, and a contractor's affidavit regarding the alleged individual apartment improvements (IAIs), i.e., a gut renovation in 2006, which would have resulted in the luxury deregulation of the apartment in 2007. However, in opposition, plaintiffs raised an issue of fact as to whether the IAIs were legitimate by submitting an affidavit from a general contractor. The contractor asserted that, after visiting and inspecting premises, he found that the work was not in alignment with the scope of renovations set forth in the written contracts, and, furthermore, there were no City filings or permits attributable to the claimed renovations.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023